UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RHOUN RICARDO VANHORNE (A-241-694-795),

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-7496 TLN CSK

ORDER & FINDINGS & RECOMMENDATIONS

Petitioner Rhoun Ricardo Vanhorne (A-241-694-795), a citizen and native of Jamaica, filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends that respondents' motion to dismiss be granted.

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of Jamaica. (ECF No. 9 at 9.) On or around July 27, 2022, petitioner entered the United States without inspection and was detained by U.S. Border Patrol. (Id. at 15.) Petitioner was issued a Notice to Appear and released. (Id.) Respondents did not provide a copy of the Notice to Appear. On February 23, 2026, petitioner was arrested for

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

violating Florida Statute 784.03.1a1 (misdemeanor battery) (two counts) and Florida Statute 784.041.2a (felony domestic battery by strangulation). (Id. at 22-23.) On March 23, 2026, these charges were dropped/abandoned. (Id. at 23-24.)

On February 24, 2026, custody of petitioner was transferred from the Palm Beach County Jail to U.S. Immigration and Customs Enforcement ("ICE"). (Id. at 15.) The Form I-213 describes petitioner's current administrative charge as violation of Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (Id.) On June 3, 2026, petitioner received a bond hearing before an immigration judge.[2] (Id. at 30-31.) The immigration judge denied bond based on a finding that petitioner is a danger to the community. (Id. at 30.)

## II. PROCEDURAL BACKGROUND

On September 16, 2026, petitioner filed the petition for writ of habeas corpus and a motion to appoint counsel. (ECF Nos. 1, 3.) On September 17, 2026, the district judge ordered that respondents shall not remove or transfer petitioner out of this district while his petition is pending. (ECF No. 6.) The habeas petition was referred to the assigned magistrate judge. (Id.) On September 30, 2026, respondents filed a motion to dismiss. (ECF No. 9.) On October 13, 2026, petitioner filed a reply. (ECF No. 10.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

[2] In the motion to dismiss, respondents state that petitioner requested a bond hearing before an immigration judge. (ECF No. 9 at 2.) The Notice of Custody Determination form to which respondents refer as evidence that petitioner requested a bond hearing before an immigration judge is dated September 23, 2026. (Id. at 28.)

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

The petition raises a claim for violation of the Fifth Amendment Due Process Clause based on prolonged detention. (ECF No. 1 at 16-17.) Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition to also raise a claim for violation of the INA. Because respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(c)(1)(E) or alternatively under 8 U.S.C. § 1226(a), respondents are not prejudiced by the Court's construction. (See ECF No. 9 at 2-6.)

### A. Statutory Claim

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States …therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2008). In January 2025, the Laken Riley Act was enacted, adding 8 U.S.C. § 1226(c)(1)(E), which mandates detention for a noncitizen who meets two requirements: (i) the noncitizen is inadmissible under 8 U.S.C. §§ 1182(a)(6)(A), 1182(a)(6)(C), or 1182(a)(7); and (ii) the noncitizen "is charged with, is arrested for, is convicted of, admits having committed, or admits

committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E).

Respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(E) based on petitioner's recent arrest for petit theft. (ECF No. 9 at 1.) The record contains no evidence that petitioner was arrested for petit theft. Accordingly, this Court finds that petitioner is not detained on these grounds. Respondents next argue that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(E) based on his arrest for domestic battery by strangulation. (Id. at 2.) As discussed above, the charge against petitioner for domestic battery by strangulation was dropped/abandoned on March 23, 2026. (Id. at 23.) To alleviate due process concerns where a noncitizen's detention is based on an arrest or charges that were dismissed "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes, and concluding mandatory detention is not required when charges are never filed." Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (emphasis in original) (collecting cases); see also S.E. v. Noem, 1:26-cv-00356 DAD-SCR, 2026 WL 206085, at *4 (E.D. Cal. Jan. 27, 2026) (ordering bond hearing for noncitizen who was detained under 8 U.S.C. § 1226(c) relating to an arrest for which charges were never filed); E.C. v. Noem, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *9–13 (D. Nev. Oct. 14, 2025) (same as to noncitizen who had been acquitted of the charged offense). Because the domestic battery by strangulation charge was dropped/abandoned, this Court finds that petitioner's detention is not based on 8 U.S.C. § 1226(c)(1)(E) based on the domestic battery by strangulation charge.

Respondents alternatively argue that petitioner is detained pursuant to 8 U.S.C. § 1226(a) and that petitioner is not entitled to relief since an immigration judge already determined that petitioner is a danger and denied bond. (ECF No. 9 at 6.) Respondents further argue that if petitioner were to challenge his detention based on denial of bond, petitioner would need to file an appeal of the bond decision with the Board of Immigration Appeals ("BIA") to exhaust administrative remedies. (Id.) Respondents argue that there appears to be no documentary

evidence in the record that petitioner has done so and no legal justification that exhaustion should be excused. (Id.)

In Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th at 1165. The majority of courts nationwide agree, rejecting respondent's new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at 4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

This Court finds that petitioner is detained under 8 U.S.C. § 1226(a). See Rodriguez Vasquez, 183 F.4th at 1165. Section 1226(a) provides for an initial bond hearing before a neutral decisionmaker. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Therefore, "[i]f the noncitizen is detained under 1226(a), she is entitled to a bond hearing." Labrador-Prato

v. Noem, 815 F. Supp. 3d 1113, 1119 (E.D. Cal. 2025) (citing Jennings, 583 U.S. at 306). Here, petitioner received a bond hearing on June 3, 2026. (ECF No. 9 at 30.) Because petitioner received the process due under 8 U.S.C. § 1226(a), the statutory claim should be denied.[3]

**B. Due Process Claim**

As discussed above, petitioner argues that his detention has become prolonged in violation of the Fifth Amendment Due Process Clause. (ECF No. 1 at 16-17.) "The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons," and the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process[.]" Rodriguez Diaz, 53 F.4th at 1193, 1213. In Rodriguez Diaz, the Ninth Circuit rejected the petitioner's prolonged detention due process claim and held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) bond hearing was held. See id. at 1203-14. Although Rodriguez Diaz did "not foreclose all as-applied challenges to § 1226(a)'s procedures," petitioner does not demonstrate that his case is distinguishable from Rodriguez Diaz. See id. at 1213. Accordingly, the Court finds that petitioner is not entitled to relief on his prolonged detention due process claim.

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

## VI. CONCLUSION

In summary, the Court recommends that respondents' motion to dismiss be granted.

---

[3] Petitioner does not challenge the result of the June 3, 2026 bond hearing. (See ECF Nos. 1, 10.)

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 9) be GRANTED.
2. The Clerk of the Court be directed to enter judgment in favor of Respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 30, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Vanh7496.157.imm/2